UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC, ) <br> DUJUAN MCCOY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AT&T SERVICES, INC., ) <br> DIRECTV, LLC, ) <br> ) <br> Defendants. ) | No. 1:20-cv-02108-TWP-TAB |

**ORDER ON DISCOVERY DISPUTE**

**I.    Introduction**

The parties appeared by counsel March 22, 2021, to address a dispute involving discovery that Plaintiffs Circle City Broadcasting I, LLC, and DuJuan McCoy served on Defendants AT&T Services, Inc. and DirectTV, LLC (collectively "AT&T"). Prior to requesting Court intervention, the parties appropriately conferred in an effort to resolve this dispute, and AT&T supplemented its discovery responses. Nevertheless, disputes remain regarding six categories of discovery requests. Prior to the conference, the parties submitted the disputed discovery requests and responses to the Court, as well as additional information explaining the parties' respective positions. The Court also gave counsel an opportunity to be heard at the March 22 conference. With the benefit of this information, and for the reasons set forth below, the Court sustains in part and overrules in part AT&T's objections.

## II. Discussion

Plaintiffs allege AT&T engaged in unlawful race discrimination in contracting by refusing to enter into a retransmission agreement for carriage of WISH-TV and WNDY on terms that were the same or similar to the terms AT&T agreed to with Circle City's predecessor, Nexstar. AT&T maintains that it declined to pay Plaintiffs' requested transmission fees because Circle City's stations were standalone stations that are not affiliated with a "Big Four" network— ABC, CBS, Fox, and NBC. Plaintiffs also allege AT&T made false and defamatory statements by, among other things, characterizing Plaintiffs' race discrimination claim as a "negotiating tactic." AT&T denies defaming Plaintiff in any way and asserts that any such statements were statements of opinion and not made with actual malice.

### 1. Contracts with Nexstar and other broadcasters.

Interrogatory No. 10 and Request for Production No. 3 seek information and documents related to whether AT&T has ever paid a retransmission fee to a broadcaster in a market where the broadcaster did not otherwise operate one of the Big Four networks. AT&T objects on a variety of grounds, including that the discovery seeks information that is not relevant, that it is overly broad and unduly burdensome, and that it seeks confidential and proprietary information. The Court agrees with AT&T that these discovery requests are overly broad in that they are not limited to the time periods at issue in Plaintiffs' complaint and involve different markets and different business decisions. Moreover, the information sought, including copies of all such contracts, obviously implicates highly confidential and proprietary information. As a result, AT&T's objections are sustained. If Plaintiffs want to continue to pursue this discovery, they should narrow their discovery requests to a relevant time period, focus on markets similar to

what is at issue in this litigation, and agree to a protective order that adequately addresses the sensitive nature of the discovery implicated.

### 2.     Communications concerning Circle City and its acquisition of the stations.

Request for Production Nos. 11 and 12 seek any documents and communications between any representative of AT&T and: (1) any third party regarding Circle City's purchase of Indianapolis television stations related to this lawsuit; and (2) any representative of Nexstar concerning or related to McCoy, Circle City, or the sale or potential sale of WISH-TV and WNDY to Circle City.  AT&T raises several objections, including relevance, proportionality, and that the discovery implicates confidential and proprietary documents.  Nevertheless, AT&T performed what it considers to be a reasonable search involving specific custodians identified in AT&T's discovery response.  As AT&T further explained during the March 22 conference with the Court, AT&T is a large corporation and has searched the emails of multiple custodians, and should not have to comb the emails of the entire corporation for a document that might arguably be relevant.  The Court agrees—to a point.

AT&T has taken reasonable steps to respond to Request Nos. 11 and 12, but must do more.  While the Court agrees a search of AT&T's entire email system would not be proportional and would be unduly burdensome, AT&T must expand the number of custodians whose emails will be searched.  The Court declines to set a precise number of custodians.  Such detail is beyond the scope of this general order.  The Court trusts that counsel, who are working together cooperatively despite this discovery dispute, can agree upon reasonable parameters of an expanded custodian search.  Accordingly, AT&T's objections to these requests are sustained in part and overruled in part.

### 3. Communications involving Dan Work or Chris Lui.

Request for Production Nos. 8 and 18 seek communications involving Dan York or Chris Lui relating to certain topics, including race-related topics, and AT&T policies and procedures involving the review and approval of diverse programming. York was the head of content at DIRECTV or AT&T from 2012 to 2020. Lui works for AT&T as an assistant vice president in content strategy and development and worked closely with York. Plaintiffs believe York told others that AT&T had an "internal playbook" on how to deal with new launch channels, including "Al Sharpton" initiated channels. AT&T raises a host of objections, including relevance, overbreadth, burdensomeness, proportionality, and vagueness. AT&T correctly, and persuasively, points out that the intentional discrimination in the negotiation at issue in this case is alleged to have occurred in 2019 and 2020, yet Request Nos. 8 and 18 have no time periods or limits. Moreover, as AT&T points out, neither Liu nor York were involved in any negotiations with Circle City. Accordingly, AT&T's objections are sustained. However, this ruling is without prejudice to Plaintiffs' ability to serve significantly more narrow and targeted discovery requests involving this topic.

### 4. AT&T customer fees and refunds.

Request for Production Nos. 19-22 and 24 seek communications with customers concerning carriage disputes, rebates to customers during carriage disputes, local surcharge fees, and customer refunds since Circle City's acquisition of WISH-TV and WNDY. AT&T responded with a series of objections such as relevance, overbreadth, burdensomeness, and confidentiality. AT&T argues that Plaintiffs' requests have nothing to do with the claims in this case—race discrimination and defamation. Nevertheless, AT&T provided Plaintiffs with information to identify the total number of AT&T's subscribers, and much (though admittedly

not all) of the messaging AT&T provided to the subscribers. In addition, one business day before the March 22 discovery conference with the Court, AT&T supplemented its production to include the number of customers who accepted an AT&T offer for a one-month, $10 rebate. Plaintiffs argue that AT&T must produce even more, including responsive communications AT&T made to each of its customers. Plaintiffs contend that, at a minimum, this information is relevant to damages. Perhaps so. However, Plaintiffs are not entitled to *every* communication AT&T sent to its customers on this wide-ranging list of topics. Moreover, Plaintiffs cannot say they need more until they have fully analyzed what they already have, i.e., AT&T's recent supplemental discovery production.

After assessing this supplemental production, counsel should meet and confer and narrow Plaintiffs' requests to documents relevant to discrimination, defamation, and any damages that may flow from these claims. AT&T should carefully consider the extent to which it may need to further supplement its production in response to a more streamlined request. If Plaintiffs remain legitimately dissatisfied with AT&T's supplemental production, Plaintiffs may file a motion to compel, limited to whatever additional documents Plaintiffs seek in response to Request Nos. 19-22 and 24.

     **5.**     **Settlement agreements with other broadcasters.**

Request for Production No. 25 seeks settlement agreements AT&T entered in the last five years with station broadcasters relating to claims of race discrimination. AT&T objects on a variety of grounds, including relevance and confidentiality. Plaintiffs assert AT&T's relevance claims are misplaced because AT&T injected this issue into the case when an AT&T spokesperson publicly commented on agreements with other minority-owned broadcasters, including one station that settled a race discrimination claim against AT&T. The Court sustains

AT&T's objections. AT&T did not inject this issue into the case; AT&T was asked to make a statement and did so. This settlement agreement from 2015, involving different stations and entities, is highly confidential and not sufficiently relevant to the case at bar to permit this discovery.

6. **Communications by AT&T board members or executives.**

Request for Production Nos. 29-31 seek documents and communications involving certain AT&T board members or executives related to this lawsuit and any potential retransmission agreement. AT&T argues in relevant part that these requests are overbroad, unduly burdensome, and not proportional to the needs of the case. More to the point, AT&T argues that it produced communications involving the individuals involved in making the decisions at issue in this case—Julie Dye, Linda Burakoff, Rob Thune, and Dan York—and that communications involving non-decision makers are too far afield. The Court agrees. Plaintiffs cannot use the discovery process to scour the communications of a large swath of senior AT&T officials and board members. These requests resemble the type of fishing expedition that courts generally prohibit. Plaintiffs can inquire as to any such potential conversations in the depositions that undoubtedly will be taken in this case. However, as far as documents, those produced in response to Request Nos. 29-31 will have to suffice.

### III. Conclusion

Plaintiffs served AT&T with discovery that, in many respects, is exceedingly broad. The parties and their counsel have worked to resolve their discovery disputes, which involved meet and confer attempts, follow-up letters, and discovery supplementation. Despite these good faith efforts, disputes remain regarding the six categories of discovery requests outlined above.

Demarcating the precise parameters of disputed discovery oftentimes is not easy, and that is true here. Although the Court has sustained many of AT&T's objections, the Court has also recognized that AT&T will need to further supplement its production, and left the door open for Plaintiffs to serve more targeted discovery requests. Moreover, the parties will need to confer further, which may result in additional production and could even require the Court to revisit a few discovery requests. The Court expects, however, that it will not be asked to circle back on these discovery issues. To that end, the parties are ordered to meet and confer within 14 days. AT&T shall produce any additional documents as agreed or required by this order within 14 days thereafter. Plaintiffs shall then have 14 days to file any motion to compel related to that supplementation.

Date: 4/8/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Ellen E. Boshkoff
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ellen.boshkoff@faegredrinker.com

Gregory Forrest Hahn
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
ghahn@boselaw.com

Ryan Michael Hurley
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ryan.hurley@Faegredrinker.com

Emily A. Kile-Maxwell
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
emily.kilemaxwell@faegredrinker.com

Daniel A. Kirkpatrick
FLETCHER HEALD & HILDRETH PLC
kirkpatrick@fhhlaw.com

John Bruster Loyd
JONES GILLASPIA LOYD LLP
bruse@jgl-law.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Sara Romine
AT&T SERVICES INC
sara.romine@att.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com