UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CIRCLE CITY BROADCASTING I, LLC, | ) | |
| DUJUAN MCCOY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02108-TWP-TAB |
| | ) | |
| AT&T SERVICES, INC., | ) | |
| DIRECTV, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR
ATTORNEYS' FEES AND DEFENDANTS' MOTION TO SEAL**

**I**      **Introduction**

Plaintiffs Circle City Broadcasting I, LLC and DuJuan McCoy filed a motion to compel

and request for attorney fees [Filing No. 90] seeking (1) specific retransmission agreements

between AT&T and broadcasters in markets with standalone non-Big Four stations, (2)

discovery related to payments AT&T receives from its customers as a "pass-through" fee for

access to local stations; and (3) modification of the protective order related to the attorneys' eyes

only provision.  Defendants AT&T Services, Inc. and DirecTV, LLC oppose all of Plaintiffs'

requests and seek attorneys' fees as well for the expenses incurred in responding to Plaintiffs'

motion.  For reasons explained below, Plaintiffs' motion is granted as to the request for

additional retransmission agreements, but denied in relation to the remaining requests, including

attorneys' fees.  Defendants' request for attorneys' fees is also denied.  Finally, Defendants'

motion to maintain documents under seal [Filing No. 96] is granted.

## II.    Background

Plaintiffs served interrogatories and requests for production on AT&T on November 20, 2020.  Over the next several months, AT&T served its answers and objections, produced responsive documents, and supplemented its discovery responses and objections.  On December 21, 2020, AT&T filed a motion for entry of protective order.  [Filing No. 38.]  While Plaintiffs did not oppose entry of a protective order, Plaintiffs did not agree with certain provisions in the proposed order.  [Filing No. 38, at ECF p. 1, 2.]  Plaintiffs took particular issue with the attorneys' eyes only provision, which Circle City argued would unduly burden its ability to prosecute this case and amount to a denial of due process.  [Filing No. 38, at ECF p. 2.]  On December 22, 2020, the Court entered a protective order with the AEO designation option in place.  [Filing No. 39.]

Counsel for the parties attempted on numerous occasions to confer to resolve various disputes about the adequacy of AT&T's responses and objections.  When those efforts proved unsuccessful, the parties brought their remaining disputes before the Court on March 22, 2021.  [Filing No. 72, at ECF p. 1.]  On April 8, 2021, the Court issued an order sustaining in part many of AT&T's objections but also overruling some of them.  [Filing No. 72.]  In relation to contracts with Nexstar and other broadcasters, the Court agreed with AT&T that Plaintiffs' discovery requests were overbroad because they were not limited to the time periods at issue in Plaintiffs' complaint and involved different markets and different business decisions.  The Court noted that "[i]f Plaintiffs want to continue to pursue this discovery, they should narrow their discovery requests to a relevant time period, focus on markets similar to what is at issue in this litigation, and agree to a protective order that adequately addresses the sensitive nature of the discovery implicated."  [Filing No. 72, at ECF p. 2-3.]

The Court recognized in its April 8 order that despite good faith efforts by the parties and their counsel to resolve their discovery disputes, six categories of disputes remained.  [Filing No. 72, at ECF p. 6-7.]  The Court ordered the parties to meet and confer within 14 days of the Court's April 8 order, required AT&T to provide any additional documents as agreed or required within 14 days, and then provided Plaintiffs 14 days to file any motion to compel related to that supplementation.  [Filing No. 72, at ECF p. 7.]  On June 24, 2021, Plaintiffs filed the underlying motion to compel and request for attorneys' fees.  [Filing No. 90.]  Plaintiffs note that the parties have now narrowed the remaining disputes down to three categories of discovery requests.  [Filing No. 91, at ECF p. 3.]  Defendants oppose Plaintiffs' motion to compel and request for fees.  [Filing No. 94.]  In addition, Defendants filed a motion to maintain under seal Exhibit 1 [Filing No. 95] to Defendants' Brief in Opposition to Plaintiffs' Motion to Compel and Request for Attorney Fees, which also pends.  [Filing No. 96.]

**III.    Discussion**

Plaintiffs seek an order compelling Defendants' response to the remaining categories of discovery requests.  A party may seek an order compelling discovery when another party fails to respond to discovery requests or provides evasive or incomplete responses.  Fed. R. Civ. P. 37(a).  The party objecting to a discovery request bears the burden of showing that the request is improper.  *See, e.g., Deere v. Am. Water Works Co.*, 306 F.R.D. 208, 215 (S.D. Ind. 2015) ("The party objecting to a discovery request bears the burden to show why a particular discovery request is improper.  Further, that party must show with specificity that the request is inappropriate.  General assertions of hardship will not suffice[.]"  (Internal citations, quotation marks, and brackets omitted)).

3

## A.      Retransmission agreements

Plaintiffs now seek specific retransmission agreements between AT&T and broadcasters in markets with non-Big Four stations in a specified time period.  Plaintiffs argue that this information is relevant to enable Circle City to test AT&T's defense and because it could help prove AT&T discriminated against Circle City by treating it differently than other non-minority owned broadcasters in similar situations.  [Filing No. 91, at ECF p. 8.]  In accordance with the Court's earlier order, Plaintiffs narrowed their requests to specific markets, stations, and time frames.

However, AT&T continues to withhold responsive documents.  AT&T claims that the standalone stations identified involve broadcasters with multi-market power, including Big Four stations in other markets.  Thus, AT&T argues that they are not comparable to Circle City.  AT&T also argues that the agreements are highly sensitive and proprietary.  [Filing No. 94, at ECF p. 4.]  Plaintiffs argue that AT&T's objections "are similar to the arguments it initially advanced with respect to the Nexstar agreement, which it later produced after this Court's entry in the DISH litigation[.]"  [Filing No. 91, at ECF p. 8.]  Moreover, Plaintiffs note that AT&T puts its focus on the broadcaster—arguing it should not have to produce contracts that are multi-market agreements that include Big 4 stations in the same or other markets—whereas Circle City focuses on the market.  [Filing No. 100, at ECF p. 9.]

The Court acknowledges that AT&T has already produced 17 retransmission agreements in relation to Plaintiffs' requests for production.  Nevertheless, the Court agrees that Plaintiffs have properly narrowed their remaining requests to a relevant time period and markets, as the Court directed them to do in its earlier order.  Plaintiffs note that currently, only AT&T has access to the documents at issue that can substantiate whether AT&T's substantive arguments

have any merit.  However, it is too early to know at this juncture.  Plaintiffs appropriately argue that a crucial part of the discovery process is to allow the parties to gain access to information that tests the validity and truthfulness of their opponents' claims.  *See, e.g., Appler v. Mead Johnson & Co., LLC*, No. 3:14-cv-166-RLY-WGH, 2015 WL 5793236, at *4 (S.D. Ind. Oct. 1, 2015) ("[A]n essential part of discovery is allowing the parties to access information that tests the truthfulness and validity of their opponents' claims.").

Here, Plaintiffs' remaining requests are relevant and narrowly tailored in compliance with the Court's previous order.  Therefore, Plaintiffs' motion to compel is granted as it relates to this request.  Defendants must provide the remaining agreements that meet this narrowed scope within 14 days of this Court order.  Those agreements, however, continue to be subject to the protective order in place in this litigation, as further addressed below.

### B.     Payment

Plaintiffs also seek discovery related to payments AT&T received from its customers as a charge for the rebroadcasting of Indianapolis stations.  AT&T does not dispute that it receives local surcharge payments.  Plaintiffs refer to these payments as "pass-through fees," and request documents showing the existence and amount of the fees from January 1, 2019, to present.  Plaintiffs argue that these fees are relevant, at a minimum, to Circle City's claim for punitive damages, "as well as the value of Circle City's Indianapolis stations."  [Filing No. 91, at ECF p. 10.]  AT&T says it includes a local customer surcharge on bills to AT&T U-Verse customers only to offset some of the cost it incurs to retransmit local stations, but the surcharge does not reflect AT&T's total costs for all the television stations it retransmits in a given market.  AT&T argues that the fees are not apportioned by specific stations, have nothing to do with the issues in this case, and are commercially sensitive.  [Filing No. 94, at ECF p. 4.]

Plaintiffs' request for discovery related to pass-through fees is denied at this time.  As Defendants note, documents related to AT&T's charges to its customers are not relevant to any of the elements of Plaintiffs' claims against Defendants.  This information is solely relevant to Circle City's claim for damages, including punitive damages.  Defendants' motion to dismiss is currently pending and awaiting a ruling.  Since this discovery relates predominately to the issue of punitive damages, the Court declines to order this production at least until Plaintiffs' claims survive the pending motion to dismiss.  If that occurs, and Plaintiffs continue to press this issue without a sufficient response, Plaintiffs may ask the Court to revisit this issue.

### C.      Attorneys' eyes only

Finally, Plaintiffs request that the Court modify the protective order in this case by providing access to AEO-designated materials to Circle City's managing member and chief financial officer.  Plaintiffs argue that AT&T has used the AEO designation broadly, which has hampered Plaintiffs' ability to provide input in the case and to work effectively with their counsel.  AT&T opposes this request, noting that procedurally Plaintiffs failed to comply with S.D. Ind. L.R. 37-1 or Fed. R. Civ. P. 37 because Plaintiffs failed to raise the issue with AT&T or the Court prior to filing their motion to compel.  [Filing No. 94, at ECF p. 8.]  Plaintiffs fully acknowledge that they did not properly meet and confer on this issue before raising it with the Court in their motion to compel.  Therefore, Plaintiffs' motion is denied.  The AEO provision in the protective order stands, which is particularly relevant to the production of additional retransmission agreements required by this order.

Nevertheless, the parties are encouraged to work together to resolve this dispute.  The lawyers on both sides of this case are very familiar with federal practice, and counsel have worked cooperatively to resolve various other issues throughout this litigation.  The Court is

optimistic that these lawyers can help their clients work together and resolve this AEO dispute.
Should the Court's optimism prove misplaced, counsel may request a conference with the Court.

### D.    Attorneys' fees

Plaintiffs argue that they are entitled to attorneys' fees and costs for "being required to file
the motion to compel." [Filing No. 91, at ECF p. 13.] Under Rule 37, after granting a motion to
compel disclosure or discovery, "the court must, after giving an opportunity to be heard, require
the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses
incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A).
However, a fee award is not appropriate and must not be ordered if the movant filed the motion
before attempting to confer in good faith, the party resisting discovery is substantially justified in
its nondisclosure, response, or objection, or other circumstances make an award of expenses
unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). A party may be substantially justified in resisting
discovery where there is a genuine dispute over the requested discovery. *See, e.g., Watkins v.
Trans Union, LLC*, No. 2:14-cv-135-WTL-MJD, 2019 WL 336674, at *2 (S.D. Ind. Jan. 28,
2019) ("A party's resistance to discovery is substantially justified if there is a genuine dispute.
Resistance to discovery is also substantially justified if reasonable people could differ as to the
appropriateness of the contested action." (Internal citations and quotation marks omitted)),
*report and recommendation adopted*, 2019 WL 653095 (S.D. Ind. Feb. 15, 2019).

Defendants, on the other hand, argue not only that Plaintiffs are not entitled to their
attorneys' fees, but also that AT&T should receive its fees in opposing Plaintiffs' "procedurally
improper" attempt to modify the AEO provision of the protective order in this matter. [Filing
No. 94, at ECF p. 19.] The Court denies both parties' requests for fees. The Court's April 8
order recognized that AT&T would need to further supplement its production, but also left the

door open for Plaintiffs to serve more targeted discovery requests.  [Filing No. 72, at ECF p. 7.] The Court set forth a timeline to meet and confer, produce additional documents, and then file any motion to compel.  Thus, while Plaintiffs acted reasonably and in accordance with the Court's order in filing the motion to compel, Defendants' opposition and concerns with production related to the remaining discovery was also justified for reasons set forth in this order. In addition, while Plaintiffs' arguments regarding the AEO provision in the protective order were brought somewhat prematurely, this additional issue is nominal in the broader scope of this discovery dispute and this litigation.  Therefore, the requests for attorneys' fees are denied.

### E.    Motion to maintain under seal

Defendants also filed an unopposed motion to maintain under seal Exhibit 1 [Filing No. 95] to Defendants' Brief in Opposition to Plaintiffs' Motion to Compel and Request for Attorneys' Fees.  [Filing No. 96.]  In the motion, pursuant to S.D. Ind. L.R. 5-11(d)(2)(A)(ii), Defendants' basis for moving to seal this exhibit is that the document contains confidential information about AT&T's negotiating strategies with other television stations and terms of AT&T's confidential retransmission consent agreements with other television stations.  [Filing No. 97, at ECF p. 3.]  Defendants note that the Court has already agreed that there is good cause to maintain under seal similar documents containing confidential information that reveals AT&T's negotiating strategies, terms of confidential agreements, and other information that would be of significant value to AT&T's competitors and result in economic harm to AT&T.

Defendants set forth good cause to maintain Exhibit 1 [Filing No. 95] under seal due to the confidential negotiating strategies contained in the document and general confidential nature of the agreements themselves, and the concern that economic harm may come to AT&T if this information were to become public.  AT&T has filed a version of Exhibit 1 that is publicly

available which is redacted to protected AT&T's confidential information.  [Filing No. 97-1.]

Therefore, Defendants' motion [Filing No. 96] is granted.  The Clerk is directed to maintain

Filing No. 95 under seal.

## IV.    Conclusion

Plaintiffs' motion to compel [Filing No. 90] is granted as it relates to production of

retransmission agreements as set forth in the motion to compel.  Plaintiffs have properly

narrowed this request in scope and market.  However, Plaintiffs' requests for discovery related to

pass-through fees and to modify the AEO provision are denied.  The parties' requests for

attorneys' fees are also denied.  Finally, Defendants' motion to seal Exhibit 1 [Filing No. 95] is

granted.  [Filing No. 96.]


Date: 8/11/2021


Tim A. Baker
United States Magistrate Judge
Southern District of Indiana



Distribution:

All ECF-registered counsel of record via email