UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC, <br> DUJUAN MCCOY, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T SERVICES, INC., <br> DIRECTV, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:20-cv-02108-TWP-TAB <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON DISCOVERY DISPUTE**

**I.   Introduction**

The parties appeared by counsel February 22, 2022, to address a discovery dispute involving documents designated Attorneys' Eyes Only by Defendants AT&T Services, Inc. and DIRECTV, LLC (collectively "DIRECTV") when produced to Plaintiffs Circle City Broadcasting I, LLC, and DuJuan McCoy.  Due to this designation, counsel for Circle City argues his client is unable to provide substantial input for Circle City's response to DIRECTV's motion for summary judgment, which references the AEO-designated evidence.  AEO designations are an extreme measure reserved for exceptionally sensitive information, and the Court is mindful of the difficulty faced by Circle City's counsel considering the AEO designations.  However, the documents at issue are highly sensitive, and McCoy has already violated a nondisclosure agreement.  Moreover, Circle City has not proposed any alternate redactions to the documents at issue.  Accordingly, the Court denies Circle City's request to de-designate the AEO materials as confidential, and the AEO designations shall remain in place.

**II.     Discussion**

At that outset of this case, the parties agreed to a protective order restricting access to certain documents as AEO.  The Court entered the protective order [Filing No. 39], and DIRECTV and non-parties have relied on its AEO safeguards in producing highly sensitive and proprietary documents.

At issue are various documents produced by DIRECTV with AEO designations, including internal negotiation summaries prepared by the DIRECTV employee who is charged with leading the retransmission consent negotiations with Circle City and various retransmission consent contracts with other station owners or broadcast groups.  The contracts fall into three groups: (1) DIRECTV's 2015 and 2019 contracts with Nexstar, which sold WISH and WNDY to Circle City; (2) DIRECTV's 2015 contract with Media General, which sold WISH and WNDY to Nexstar in 2017; and (3) DIRECTV's contracts with various station groups to which DIRECTV provides access to its direct broadcast satellite platform but to which DIRECTV does not pay a fee.

The parties requested that Court intervene in this discovery dispute.  Prior to the February 22 conference, counsel provided written submissions to the magistrate judge in support of their respective arguments, including unredacted copies of the materials at issue.  At the February 22 conference, both sides were given the opportunity to be fully heard and responded to the Court's questions.[1]  Circle City argues that it faces a fundamental due process problem due to DIRECTV's AEO designations because counsel cannot share Circle City's unredacted draft response brief with its client since it references AEO-designated materials.  Circle City's counsel

---

[1] DIRECTV's request to formally brief the issues discussed at the February 22 conference is denied.

tells the Court he cannot file the response brief without McCoy's consent and approval. Obviously, this is problematic.

Designating materials as AEO "is an extreme measure for exceptionally sensitive information that is highly susceptible to being misused, such as inside information about a competitor's finances or business strategies." *Meharg v. I-Flow Corp.*, No. 1:08-cv-0184-DFH-TAB, 2009 WL 3032327, at *6 (S.D. Ind. Sept. 18, 2009). AEO designations "should only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." *Global Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) (internal citation and quotation marks omitted). Because AEO designations limit the ability of a party to provide necessary assistance to counsel, AEO designations can "result in the denial of fundamental due process rights." *Bussing v. COR Clearing, LLC*, No. 8:12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015). Thus, "[t]o defend an AEO designation, a party should establish that disclosure of the specific documents at issue, even under non-disclosure and non-use restrictions, presents a risk of disclosure of sensitive competitive information." *K.I.S.S. Pharm LLC v. Becker Pro. Dev. Corp.*, No. 18-CV-07848, 2020 WL 8093507, at *1 (N.D. Ill. Nov. 30, 2020).

Nevertheless, it is undisputed that highly sensitive documents are at issue in this case.[2] The AEO-designated documents contain information that falls squarely within the AEO definition under the protective order, and DIRECTV made specific arguments as to why disclosure of these documents to a competitive decisionmaker like McCoy would cause DIRECTV serious competitive harm. For instance, the retransmission consent agreements are

---

[2] DIRECTV noted during the February 22 conference that it has produced roughly 1500 documents in discovery to Circle City, and that of those, around 80 documents are designated as AEO.

3

the product of highly confidential negotiations, during which DIRECTV relies on sensitive internal information regarding its business, historical negotiation data, and its customer and subscriber information. Allowing station owners, like McCoy, to have access to this information would give them a competitive advantage in any future negotiations with DIRECTV and would harm DIRECTV's competitive business prospects. McCoy led Circle City's negotiations for a retransmission consent agreement with DIRECTV.

Circle City has not suggested that DIRECTV's AEO designations are categorically improper, other than a passing reference during the February 22 conference to an exceedingly limited portion of the redacted material allegedly containing boilerplate provisions. Significantly, DIRECTV has been willing to discuss removal of redactions on certain issues. As an attempt to resolve this dispute, DIRECTV provided Circle City with redacted versions of the no-fee agreements that allow McCoy to see the provisions DIRECTV says are relevant to its summary judgment arguments: the parties to the agreements, the stations covered by the agreements, and whether DIRECTV pays a retransmission consent fee for those stations.

Circle City declined to propose alternative redactions, other than limiting redactions to solely the Big 4 station rates. That is not enough. While Circle City claims its summary judgment response analyzes certain contract provisions beyond just the presence or absence of a rate structure, Circle City did not specifically identify those sections for the Court in its submission or for DIRECTV prior to the conference. The appropriate way to address Circle City's concerns would have been for Circle City's counsel to provide DIRECTV with proposed alternative redactions. Instead, Circle City's counsel simply argues, without a proposed solution, that the redactions proposed by DIRECTV hamstring his ability to communicate with his client about the case.

It is also significant that McCoy has already violated a non-disclosure agreement—a fact that Circle City's counsel rightly acknowledged. Thus, DIRECTV has valid concerns about allowing McCoy, a competitor station owner that has brought a lawsuit against it, to have access to these highly sensitive materials. In addition, McCoy testified that he only negotiates the rates for retransmission consent, and his attorneys negotiate every other term. McCoy also stated that he reviews contracts before he signs them. The Court is not convinced that McCoy needs access to significantly unredacted agreements of his competitors. Moreover, Circle City has not explained why McCoy's access to these highly sensitive documents is essential to its summary judgment opposition or what exactly McCoy needs to see in the documents beyond what DIRECTV has produced. During the February 22 conference, the Court directly asked Circle City to specifically identify what sections of the agreement it needs to be able to show McCoy in unredacted form beyond what is already available. Circle City's counsel—an experienced federal court litigator—struggled to articulate specifically what he needs.

For these reasons, Circle City's request to de-designate the AEO materials at issue is denied. Circle City has not shown good cause for modification of the protective order, whereas DIRECTV has shown that disclosure of the redacted material at issue risks disclosing sensitive competitive information. The AEO designations shall remain in place. Nevertheless, the Court encourages Circle City to make specific redaction proposals to DIRECTV. The Court is willing to make reasonable modifications to deadlines in the summary judgment briefing schedule as may be needed to allow the parties to work together to reach an alternative resolution on this issue.[3]

---

[3] DIRECTV noted in its submission to the Court before the conference that non-party Nexstar also objects to the de-designation of its contracts from AEO status to confidential status. The Court has the authority to order disclosure despite Nexstar's objection. However, given that the

...

**IV.  Conclusion**

Based on the submissions and substantive arguments raised at the February 22 conference, the AEO designations shall remain in place, subject to any modifications upon which the parties may otherwise agree.

Date: 2/24/2022

_T. BL_

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

Court denies Circle City's request to de-designate the AEO materials at issue, the Court need not directly address this objection.