UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC, DUJUAN MCCOY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   Case No. 1:20-cv-02108-TWP-TAB ) |
| AT&T SERVICES, INC., DIRECTV, LLC, | ) ) ) ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' BILL OF COSTS

This matter is before the Court on Defendants AT&T Services, Inc. and DIRECTV, LLC's (collectively, "DIRECTV") Bill of Costs (Filing No. 229), and Plaintiffs Circle City Broadcasting I, LLC and DuJuan McCoy's (collectively, "Circle City") Objection to Bill of Costs (Filing No. 230). As the prevailing party, DIRECTV requests an award of its costs incurred in defending this action in the amount of $31,252.98, pursuant to Federal Rule of Civil Procedure 54(d)(1). Circle City objects to the costs incurred for various depositions. For the following reasons, the Court **grants in part and denies in part** DIRECTV's Bill of Costs, and awards **$22,074.88** in costs.

## I.     BACKGROUND

On August 10, 2020, Circle City brought this action against DIRECTV asserting violations of civil rights under 42 U.S.C. § 1981 (Filing No. 1). Two months later, the Court consolidated the suit with a state-court defamation case that DIRECTV had removed to this court, Case No. 1:20-cv-02320-JMS-TAB (Filing No. 30). Following the consolidation, DIRECTV amended its complaint on January 27, 2021, and added the defamation claim (Filing No. 49).

The parties then took depositions of certain witnesses. On January 7, 2022, DIRECTV filed a Motion for Summary Judgment (Filing No. 126), after which, two more depositions were

conducted in February and March 2022. The Court ultimately granted summary judgment in DIRECTV's favor (Filing No. 227). DIRECTV filed its Bill of Costs on April 14, 2023 (Filing No. 229). Circle City filed a timely Objection to Bill of Costs (Filing No. 230). On April 27, 2023, DIRECTV filed a reply (Filing No. 235). In the meantime, Circle City filed a Notice of Appeal on April 25, 2023, challenging the grant of summary judgment (Filing No. 231), and on May 4, 2023, the Court stayed the proceedings concerning the Bill of Costs pending the appeal (Filing No. 236).

The Seventh Circuit Court of Appeals affirmed in a consolidated opinion this Court's entry of summary judgment in both this and *Circle City Broad. I, LLC v. DISH Network LLC*, Case No. 1:20-cv-750, a case involving a separate § 1981 action also brought by Circle City. *See Circle City Broad. I, LLC v. AT&T Servs., Inc.*, 99 F.4th 378 (7th Cir. 2024). On May 8, 2024, the Notice of Issue of Mandate was issued (Filing No. 237). At present, the proceedings are still stayed. But because Circle City's appeal has ended, **the stay is lifted** and, in this Entry, the Court rules on the ripe bill of costs.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "costs — other than attorney's fees — should be allowed to the prevailing party." Because the strong presumption in favor of awarding costs to the prevailing party is difficult to overcome, the Court's discretion to deny awarding costs is narrowly confined. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). The process for awarding court costs "is intended to be summary," *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008), and it is the losing party's burden to demonstrate that the taxed costs are inappropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

The district court has considerable discretion when awarding costs. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 453 (7th Cir. 1998) (applying abuse of discretion standard); *see also O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001) (internal quotation marks and citation omitted) (a district judge's "award of costs is the type of discretionary ruling to which [the Seventh Circuit] give[s] virtually complete deference"). Taxing costs against the non-prevailing party requires two inquiries — whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). If the district court finds that the costs were reasonably necessary at the time they were incurred, it should award the costs. *See La Vay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

### III. DISCUSSION

DIRECTV is the "prevailing party" because the district court granted summary judgment in its favor on all counts, *Weeks*, 126 F.3d at 944; (*see* Filing No. 227), and thus is entitled to fees under Rule 54(d). DIRECTV seeks $31,252.98 in costs (*see* Filing No. 229; Filing No. 229-1), and Circle City objects,[1] claiming that DIRECTV is entitled to, at most, $15,583.98, a reduction of $15,669.00 or nearly 50% of the requested total (*see* Filing No. 230 at 15).

Under 28 U.S.C. § 1920, a federal court may tax as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[1] Circle City lodges similar objections to those it lodged in *DISH*, Case No. 1:20-cv-750.

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

DIRECTV's costs are varied (*see* Filing No. 229-1 at 1–2), and it has submitted several exhibits in support of its motion. *See id.* at 4–62. DIRECTV's costs of $31,252.98 consist of:

- $120.00 for witness fees for three non-party witnesses (*see* Filing No. 229-1 at 2, 38–40);

- $400.00 for the filing fee to remove Circle City's state-court defamation complaint (*see id.* at 1, 4; Filing No. 30 (consolidating removed case, *Circle City Broadcasting I, LLC v. AT&T Corp. d/b/a U-Verse*, Case No. 1:20-cv-02320));

- $245.00 to serve non-party subpoenas to two non-party witnesses who were deposed (*see* Filing No. 229-1 at 1, 8–9);

- $1,231.88 for various e-discovery services for converting electronic data into a readable and searchable format to respond to discovery requests (*see id.* at 2, 42–56); and

- $29,256.10 for expenses associated with deposing fifteen witnesses, some of whom were deposed both individually and in a 30(b)(6) capacity (*see id.* at 2, 11–36).

DIRECTV submitted a declaration under penalty of perjury from its attorney, attesting that the costs were correct and reasonably necessary for DIRECTV's defense in the case and that DIRECTV actually paid for them.

The Court first considers DIRECTV's non-deposition costs, to which Circle City does not object, before then considering its deposition costs, to which Circle City raises several objections.

A. **Non-Deposition Costs**

1. **Witness Fees**

Pursuant to 28 U.S.C. § 1821(b), a witness shall be paid $40.00 for each day attending a deposition. DIRECTV seeks to recover $40.00 each for Aaron Williams, Bill Smith, and Brain

4

Brady to attend their depositions. Circle City does not dispute this fee and, as such, it is taxable to Circle City.

### 2. Clerk and Marshall Fees

DIRECTV seeks costs for the filing fee that it paid to remove Circle City's state-court defamation complaint to this Court on September 4, 2020 (*see* Filing No. 229-1 at 1; *see also* Filing No. 30). It can recover the filing fee, as it is provided for by statute and was not challenged by Circle City as being unreasonable or unnecessary. *See Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008) (concluding that, although not specifically enumerated in the statute, filing fees are recoverable under § 1920); *Hollars v. Roadhouse Host*, LLC, 2019 WL 1114902, at *2 (S.D. Ind. Mar. 11, 2019) (taxing removal fee).

DIRECTV also seeks costs associated with serving a pair of subpoenas pursuant to 28 U.S.C. § 1920(1). Such fees may not exceed amounts charged by the United States Marshal Service, which is $65.00 per hour, as well as any travel costs and out-of-pocket expenses. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); *see also* 28 C.F.R. § 0.114(a)(3) (establishing fees for service of summons).

DIRECTV used a private process server to serve the subpoenas. Each of the fees includes a "Rush Fee" of $40.00 (*see* Filing No. 229-1 at 8, 9), separate from the amount charged for the associated service. It is further unclear from the face of the invoice how many hours it took to serve each subpoena and DIRECTV does not elaborate. Accordingly, the Court will find that $130.00 is taxable to Circle City.

### 3. E-Discovery Services Fees

DIRECTV seeks to tax Circle City with $1,231.88 for certain services to "convert[] electronic data into a readable and searchable format in order to respond to Plaintiffs' discovery

5

requests, such as generating production volumes, OCR processing, Bates-labeling documents, and converting documents to TIFF format." (Filing No. 229-1 at 2.)

The Federal Rules of Civil Procedure do not expressly provide for the recovery of e-discovery costs. *CSP Techs., Inc. v. Sud-Chemie AG*, 2015 WL 2405528, at *2 (S.D. Ind. May 20, 2015). Consequently, the costs of e-discovery may only be taxed if they fit within the confines of 28 U.S.C. § 1920(4), which allows for the recovery of "fees for the exemplification and the costs of making copies . . . ."

In *CSP Technologies*, this Court denied costs for document collection, searching, and data hosting/electronic storage services because these items were not sufficiently related to "making copies," but nevertheless allowed e-discovery costs for scanning, OCR, and Bates labeling. *See* 2015 WL 2405528, at *4; *see also Rose v. Franciscan All. Inc.*, 2019 WL 688720, at *3 (S.D. Ind. Feb. 19, 2019) (relying on *CSP Technologies* and taxing e-discovery production processes akin to "making copies"). Costs for third-party discovery vendor services for TIFF conversion of documents to make the documents usable were also allowed. CSP Technologies, 2015 WL 2405528, at *4–*5.

In *Loparex, LLC v. MPI Release, LLC*, this court awarded "the costs of electronically harvesting, processing, and producing electronic data." 2012 WL 3065428, at *8 (S.D. Ind. July 27, 2012). In that case, the court relied on the Seventh Circuit's holding that costs are recoverable under 28 U.S.C. § 1920 "for converting computer data into a readable format in response to plaintiffs' discovery requests." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). And, in *Wisconsin Resources Protection Council v. Flambeau Mining Company*, a district court awarded costs for a third-party forensic expert hired to extract electronically-stored information

from twenty years of information per the plaintiffs' discovery request. 2014 WL 3810884, at *2 (W.D. Wis. Aug. 1, 2014).

DIRECTV's various invoices demonstrate that the costs for which it seeks reimbursement were incurred to harvest data into a useful form for production in discovery and is thus taxable. *See Hecker*, 556 F.3d at 591.

Accordingly, the Court **awards DIRECTV $1,881.88**, which is the sum of the following amounts: $120.00 for witness fees; $400.00 for the removal filing fee; $130.00 for the process server fees; and $1,231.88 for electronic discovery-related service fees.

**B.      Deposition Costs**

Circle City asks the Court to deny several itemized components of DIRECTV's requests for expenses associated with individual depositions, objecting on the basis that DIRECTV is seeking nontaxable costs that were "incurred as a convenience, not a necessity, or that exceed the reasonable amounts established by the Judicial Conference." (Filing No. 230 at 1.)

The Court notes that several of the invoiced deposition expenses appear facially vague as to whether they fall into the categories expressed in 28 U.S.C. § 1920. In objecting, Circle City's generalized opposition does little to reveal the services that were actually rendered. Although somewhat helpful, the sparse explanations scattered throughout DIRECTV's reply do not provide exact, definitional clarity into the various costs associated with such titles as "Litigation Package – Secure File Suite" (*e.g.*, Filing No. 229-1 at 11).

Nevertheless, the Court is able to determine whether itemized components fall within the necessary costs incurred for the litigation or whether they were incurred as a matter of convenience or personal preference. Review of the invoices and Circle City's objections yield a few general costs: (1) charges for deposition transcripts and accompanying services; (2) charges for the depositions to take place remotely; (3) charges for deposition exhibits which DIRECTV already

7

possessed; (4) charges for video depositions and accompanying services.  The Court will discuss each category in turn.

### 1. Charges for Deposition Transcripts and Accompanying Services

Circle City asserts that fees for "printed or electronically recorded transcripts necessarily obtained for use in the case" under § 1920(2) "'contemplates the use of actual transcripts,' not add-ons that are a convenience to counsel."  (Filing No. 230 at 1–2 (quoting *Eli Lilly & Co. v. Zenith Goldline* Pharm., Inc., 264 F. Supp. 2d 753, 780 (S.D. Ind. 2003)).  Circle City maintains that, to the extent they are to be allowed, deposition transcript costs "should be limited to the reasonable per page cost," *id*. (citing 264 F. Supp. 2d at 780), and offers as a reasonable rate the "regular copy rate established by the Judicial Conference of the United States." *Id*. (quoting *Berry Plastics Corp. v. Intertape Polymer Corp*., 2017 WL 167829, at *3 (S.D. Ind. Jan. 17, 2017)).

Section 1920 does not contemplate separating the costs of numerous extra services such as "Rough Draft", "Equipment Rental", and "Electronic Delivery & Handling" from the "transcripts necessarily obtained" with which those costs are associated.  To do so would in effect hoist the costs onto Circle City, which would not be fair.  Thus, the aggregation of expenses for the above items, as well other related services such as "Litigation Package – Secure File Suite" and "Attendance", into the per page cost of the transcripts is appropriate.

Take for example the invoices for McCoy's October 21, 2021 30(b)(6) deposition.  The original transcript-related charges were:

| | |
|---|---:|
| Original Transcript, 339 pages at $4.95 per page | $1,678.05 |
| Attendance (First Hour), 1.00 hour at $75.00 per hour | 75.00 |
| Attendance (Add'l Hour), 7.50 hour at $45.00 per hour | 337.50 |
| Litigation Package – Secure File Suite | 20.00 |
| Rough Draft, 284 pages at $1.60 per page | 454.40 |
| Electronic Delivery & Handling | 25.00 |
| | $2,589.95 |

This adds up to $7.64 per page for 339 pages.

Despite DIRECTV's arguments to the contrary, the Court further finds it reasonable to follow the Judicial Conference guidelines regarding the rate for deposition transcripts. *See Myers v. Equifax Info. Servs., LLC*, 2023 WL 1975045, at *2 (S.D. Ind. Jan. 23, 2023) (citing *Springer v. Ethicon, Inc.*, 2018 WL 1453553, at *14 (N.D. Ill. March 23, 2018)).

As of the date of Circle City's objection, the established rate was $3.65 per page for the original deposition transcripts, $0.90 per page for the first copy to each party, and $0.60 per page for each additional copy to the same party. *See id.*; *compare* Federal Court Reporting Program, https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited June 12, 2024) (increasing rates, effective Oct. 1, 2023). For expedited transcripts, the rate is $4.85 per page. *See Berry Plastics Corp.*, 2017 WL 167829, at *3.

The Court **sustains** Circle City's Objection to the extent DIRECTV is entitled to up to, but not more than, the above-mentioned costs associated with the depositions and accompanying services.

Accordingly, the Court awards **DIRECTV $6,661.40**, which is the sum of the following amounts:

$146.70   Teresa Mask's 4/23/21 deposition (163 pages of a certified copy of the transcript at $0.90 per page)

$153.00   Linda Burakoff's 8/26/21 deposition (170 pages of certified copy)

$1,171.65   McCoy's 9/1/21 deposition in an individual capacity (321 pages of original deposition transcript at $3.65 per page)

| | |
|---|---|
| $689.85 | Daniel Kirkpatrick's 9/3/21 deposition (189 pages of original transcript) |
| $187.20 | Hongfeng Julia Dei's 9/22/21 deposition (208 pages of certified copy) |
| $91.80 | Dan York's 10/1/21 deposition (102 pages of certified copy) |
| $104.40 | Robert Thun's 10/11/21 deposition (116 pages of certified copy) |
| $1,237.35 | McCoy's 11/21/21 30(b)(6) deposition (339 pages of original transcript) |
| $56.70 | Ed Gillespie's 10/26/21 deposition (63 pages of certified copy) |
| $222.65 | Williams' 11/15/21 deposition (61 pages of original transcript) |
| $285.95 | Smith's 11/16/21 deposition (43 pages of original transcript, 43 pages of expedited transcript[2]) |
| $650.25 | Brady's 11/29/21 deposition (85 pages of original transcript, 85 pages of expedited transcript) |
| $737.30 | Jason Hunter's 12/9/21 deposition in an individual capacity (121 pages of original transcript), 30(b)(6) deposition (81 pages of original transcript) |
| $759.20 | Mark Fratrik's 12/21/21 deposition (208 pages of original transcript) |
| $96.30 | Michael Nilsson's 2/24/22 deposition (107 pages of certified copy) |
| $71.10 | James Donahue's 3/3/22 deposition (79 pages of certified copy) |

**2.    Charges Related to the Remote Nature of the Depositions**

Circle City objects to certain charges incurred so that the depositions could take place remotely, like the charges for video-conferencing and electronic exhibit sharing services, on the grounds that such expenses were conveniences and should not be taxable. However, given that

---

[2] The Court finds taxing the expedited transcript costs associated with the depositions of Smith and Brady to be reasonable given the fact that DIRECTV was preparing to file its January 7, 2022 motion for summary judgment.

the depositions all took place in 2021 and early 2022, which spanned the second year of a global pandemic, these expenses are reasonable. *See also* Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate . . . that a deposition be taken by telephone or other remote means."). Thus, the Court **overrules** Circle City's Objection to this extent and accordingly **awards DIRECTV $2,855.00**, which is the sum of the following amounts: $640.00 for Kirkpatrick's deposition; $640.00 for Williams's deposition; $640.00 for Smith's deposition; $295.00 for Brady's deposition; and $640.00 for Fratrik's deposition.

### 3.  Charges for Deposition Exhibits Already Possessed

Circle City contends that courts should not tax as costs deposition exhibits where the party seeking the cost recovery is already in possession of the exhibits, either because the party taking the deposition provided extra copies at the deposition or the documents were produced during discovery ([Filing No. 230 at 2–3](#) (citing *Cengr*, 135 F.3d at 446; *Myers*, 2023 WL at 1975045 *2–*3)).

DIRECTV may have very well needed marked exhibits in maneuvering toward summary judgment; featuring unique exhibits as part of a larger dispositive and *Daubert* motions strategy is certainly reasonable. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 856 (N.D. Ill. 2015) ("[I]t is not unreasonable to request copies of the exhibits used during a deposition, for even if the exhibits have been produced in discovery, it could be that the deponent, attorney, or both marked on the exhibit during the deposition, making the deposition copy unique."); *see also id*. ("[E]xhibits are often authenticated during a deposition, and it may be necessary for attorneys to use the marked exhibit in order to benefit from that authentication."). Thus, the Court **overrules** Circle City's Objection and **awards DIRECTV $816.60.**

  **4.  Charges for Video Depositions and Accompanying Services**

  The Seventh Circuit has expressly held that a party may recover for both the cost of video-recorded deposition and the cost of stenographically transcribing the same deposition, as long as both were reasonable and necessary. *See Little v. Mitsubishi Motors N.A., Inc.*, 514 F.3d 699 (7th Cir. 2008). While costs for both video and printed transcripts of a deposition can be recovered pursuant to § 1920(2), as with any costs they must have been reasonably necessary to the preparation of the defendant's case in order to be recoverable.

  The Court finds it was reasonably necessary for DIRECTV to have a printed transcript of the depositions. Circle City objects not that the video transcripts themselves are unnecessary, but rather that the recoverable costs for those same transcripts are less than DIRECTV seeks (*see, e.g.*, Filing No. 230 at 4 ("When these objectionable costs are removed, only the stenographic and video transcripts costs remain . . . .")). Given the nature of the case, the stakes involved, and the position, roles, and expertise of the deponents in question, the Court recognizes that accompanying video footage for the witnesses was reasonably necessary in preparing for summary judgment and/or trial.

  Circle City additionally disputes other aspects of DIRECTV's attempted recoveries for the video depositions. DIRECTV seeks to tax certain technology services that extend beyond receipt of the video itself: for seven video depositions, it also seeks to recover $2,565.00 for the synchronization of the footage with a typed transcript ("Video - Digitizing & Transcript Synchronization"), and, for six depositions, $900.00 for the video-synced transcript to contain embedded exhibit links accessible in various formats ("Video - Exhibits - Linked (LEF, PTZ, XMEF, SBF)") (*see generally* Filing No. 229-1). In support, DIRECTV points to a case in which the court taxed $3,010.00 for "encoding and synchronization". *Springer v. Ethicon, Inc.*, 2018 WL 1453553, at *16 (N.D. Ill. March 23, 2018).

Although DIRECTV provides minimal explanation of these costs and their reasonableness; within the larger context of this lengthy, contentious case, the Court deems the synchronization costs to be reasonably necessary. *See LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 5008425, at *3 (N.D. Ill. Oct. 20, 2011) ("Costs associated with digitalization and synchronization of videotaped depositions may also be taxed."); *The Medicines Co. v. Mylan Inc.*, 2017 WL 4882379, at *5 (N.D. Ill. Oct. 30, 2017) (quoting *LG Elecs.*, 2011 WL 5008425, at *3–*4) ("[C]osts may be awarded for witnesses who appear on the 'may call' or 'will call' trial witness lists.").

The strategic considerations of synchronizing transcript to deposition footage is distinctly lacking when it comes to the convenience of embedding exhibit links into that same video-synced transcript. Effectually imbuing the video deposition with easy click-through exhibit access is not a tactical advantage, but more akin to a luxury. Were DIRECTV to have needed to present the video depositions at trial, and wanted to present exhibits in conjunction with them, it could have as easily presented the corresponding exhibits when they arose. Passing off to Circle City the $900.00 in charges for this unnecessary enhancement is not appropriate.

The Court **overrules** Circle City's Objections regarding the video transcripts of McCoy, Kirkpatrick, Dai, York, Williams, and Smith, including the costs for synchronization of the video deposition with a typed transcript, but **sustains** Circle City's objection for embedded exhibit links. Accordingly, the Court awards DIRECTV **$9,860.00**, which is the sum of the following amounts: $4,418.00 for McCoy's two video depositions; $1,228.00 for Kirkpatrick's deposition; $385.00 for Dai's deposition; $370.00 for York's deposition; $307.00 each for Smith and Williams's depositions; $734.00 for Brady's deposition; $883.00 for Fratrik's deposition; and $1,228.00 for Hunter's deposition.

## IV.     CONCLUSION

Circle City's objections to DIRECTV's Bill of Costs ([Filing No. 230](#)) are **SUSTAINED in part and OVERRULED in part**.  DIRECTV's Bill of Costs ([Filing No. 229](#)) is **GRANTED in part and DENIED in part**.  The Clerk is directed to tax costs against Plaintiff Circle City in favor of DIRECTV in the amount of **$22,074.88**.

**SO ORDERED**.

Date: 7/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Cyrus Mehri
MEHRI & SKALET, PLLC
cmehri@findjustice.com

Gregory Forrest Hahn
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
ghahn@boselaw.com

John Bruster Loyd
JONES GILLASPIA LOYD LLP
bruse@jgl-law.com

Joshua Karsh
MEHRI & SKALET, PLLC
jkarsh@findjustice.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com

Emily A. Kile-Maxwell
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
emily.kilemaxwell@faegredrinker.com

Ryan Michael Hurley
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ryan.hurley@Faegredrinker.com